63  533
160  155

MARSHALL M. POOL *et al.*

*v.*

GEORGE H. POTTER *et al.*

1.  POWER—*trustee or agent acting under must strictly comply with conditions.* Eight persons, the widow and heirs at law of a deceased person, for the management, settlement and division of the estate between themselves,

entered into a written agreement for the appointment of a trustee for that purpose, who was to be appointed by the circuit judge, in case the parties could not agree, and who was to " enter into *good and sufficient* bond to be approved by the judge," for the faithful performance of his duties as such trustee. The agreement further recited : "said bond shall be made payable to the parties to this agreement for the use of all parties interested in the provisions of this agreement." The parties not agreeing, the judge appointed one P, who gave bond payable jointly to all the parties except one, whose name was omitted, and four of the sureties in the bond were married women, and also obligees : *Held*, on bill by a portion of the parties to enjoin the trustee from selling real estate, that the bond was not " sufficient " within the meaning of the agreement; that the same should have been several in its terms to each obligee; that it should have been such as might be enforced in a court of law, which could not be when a part of the obligees were also obligors; and, that the trustee, not having complied with the terms of the agreement under which he was appointed, was not qualified to act.

2. CHANCERY—*jurisdiction—injunction.* In such a case, a court of equity has jurisdiction to enjoin the supposed trustee from acting. The judge, in making the appointment and approving the bond, exercised no judicial power, but acted simply as the agent of the parties, deriving all his authority from their agreement; and having exercised the power once, it was very doubtful if his power was not exhausted except when called upon judicially. This being so, the parties aggrieved had no adequate remedy except in a court of equity.

3. POWERS—*rule of construction—distinction.* In cases of powers of appointment created by deeds or last wills, and powers introduced in connection with uses, courts of equity have generally adopted a liberal interpretation of words, and held many executions of such powers valid which would not be allowed in the construction of words employed in the ordinary power of attorney to sell land, execute a deed, to make a contract or manage any particular business with instructions more or less specific. In the latter class the rule of construction requires that the authority be not extended beyond that which is given in terms, or which is necessary and proper for carrying the authority given into full execution.

WRIT OF ERROR to the Circuit Court of Gallatin county; the Hon. ANDREW D. DUFF, Judge, presiding.

This was a bill in chancery by the plaintiffs in error, Marshall M. Pool, Richard W. Townshend and Augusta M. Townshend, against the defendants in error, George H. Potter, John M. Peeples, Jr., Ellen Peeples, Henry O. Docker, Mary

Docker, and Madaline Pool. The object and grounds of the grounds of the bill are stated in the opinion.

Mr. GREEN B. RAUM, for the plaintiffs in error.

Messrs. ALLEN, MULKEY & WHEELER, for the defendants in error.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

The only question we are called upon to decide in this case is, whether the bill of complaint, to which the court sustained a demurrer, and which he dismissed for want of equity, was sufficient to entitle the plaintiffs to any equitable relief.

It appears from the bill and exhibits that Orville Pool died seized of a large real, and possessed of considerable personal estate; that he left Madaline Pool, his widow, and four children, surviving. The children are Marshall M. Pool, Augusta M. Townshend, the wife of Richard W. Townshend, Ellen Peeples, the wife of John McKee Peeples, jr., and Mary Docker, the wife of Henry O. Docker; that after the death of Orville, and about the 2d of November, 1871, the widow, the daughters and their respective husbands, and Marshall M. Pool, with a view to the management, settlement and proper division and distribution of this estate, without recourse to the usual legal proceedings for such a purpose, entered into a mutual agreement in writing, under their respective hands and seals, providing for the management, settlement, division and distribution of said estate, through the instrumentality of an agent or trustee, to be selected for that purpose in the manner therein provided.

As this case will be disposed of upon a single point, we shall not attempt to set out an abstract of the agreement. It is very voluminous and loaded down with complicated provisions. It is such an agreement as must, inevitably, if we are not

mistaken, prove a mine of quite inexhaustible richness to law-yers, a source of vexation, disappointment and loss to the par-ties, and, long before its final execution, teach them, perhaps, how sadly inferior is the highest wisdom of eight persons, though aided by the labor and advice of their attorney, to that accumulated wisdom of the State, aided by lights drawn from the experience of ages, and expressed in our statute of wills.

Most of the purposes of the agreement are to be carried into effect through the instrumentality of a trustee, provided for in the following language: "A trustee shall be chosen by the parties to this agreement, whose duty shall be to carry out and execute the trust hereby created, and shall enter into *good* and *sufficient* bond to be approved by the judge of the circuit court of Gallatin county, for the faithful performance of his duties as such trustee. Said bond shall be made payable to the parties to this agreement for the use of all parties interested in the provisions of this agreement ; and if the parties hereto can not agree upon the person who shall act as such trustee, then the said judge of said Gallatin circuit court·shall appoint said trustee, and said appointment and the approval of said bond may be made by him either in vacation or term time, as may be most convenient."

The parties being unable to agree upon a trustee, the cir-cuit judge appointed Potter as such, who gave a bond which was approved by the judge, and, entering upon the duties of his trust, was about to sell large portions of the lands belong-ing to the estate, when Marshall M. Pool, his sister, Augusta M., two of the heirs at law, together with Richard W. Town-shend, the husband of said Augusta M., filed this bill to·re-strain Potter from acting as such trustee, on the ground, amongst others, that he had not given a good and sufficient bond, as required by the terms of the power under which his appointment was made.

The bill set out the agreement, Potter's appointment under it, the insufficiency of the bond, his assuming to act as such

trustee, together with his acts in reference to proceeding to sell large portions of the lands belonging to the estate.

All of the parties to the agreement, besides the complainants, were made parties defendant with Potter. A temporary injunction was awarded upon the bill. The defendants, or some of them, demurred to the bill. The court sustained the demurrer, dissolved the injunction, dismissed the bill, and, upon suggestions of damage by reason of the injunction, the court assessed such damages at $1116, and entered a decree therefor. The complainants bring the case to this court by writ of error, assigning for error the sustaining of the demurrer by the court, and assessment of damages.

We are of the opinion that the court erred in sustaining the demurrer to plaintiffs' bill.

The authority conferred upon the person designated as "trustee" by the instrument under consideration is to be carefully distinguished from that class of cases closely resembling this, that is, of powers of appointment created by deed or last wills, or those powers which were introduced in connection with uses. In this latter class, courts of equity have generally indulged in very liberal interpretations of words, and held many executions of such powers valid which would scarcely be allowed in the construction of words employed in the ordinary powers of attorney to sell land, execute a deed, to make a contract, or manage any particular business, with instructions more or less specific, according to the nature of the case.

The instrument in question, so far as it relates to the appointment of the agent termed "trustee," belongs to the latter class, and should be subjected to a strict interpretation. The authority will not be extended beyond that which is given in terms, or which is necessary and proper for carrying the authority given into full effect. Story on Ag. sec. 68.

It is apparent, from a consideration of the whole agreement, and the nature of the duties of the agent or trustee to be appointed under it, that the parties intended that such agent or trustee should, before entering upon his duties, give not only

a good bond in respect to the sureties, but one that was valid and capable of being enforced at law. The language in the provision requiring the bond is, that the trustee shall enter into a " good and sufficient bond," which must be made payable or run to all the parties to the agreement. Now, the bond which was given does not run to all the parties, but omits Madaline Pool. It is a joint bond, not several by its terms. It is not an official bond, and therefore not several by the statute. Four of the obligors are also obligees, and two of the obligors married women. No action could be maintained upon it at law, and it is therefore not a *sufficient* bond within the meaning of the agreement.

The counsel for defendants in error insist that because Potter was appointed by the circuit judge he was trustee *de facto,* though he gave no bond, and his right to act can not be questioned in this suit. They say that complainants had a complete remedy at law by applying to the circuit judge to require Potter to give a sufficient bond. We think they must entirely misconceive the nature of this matter. The circuit judge, in making the appointment or approving the bond, exercises none of his judicial powers. He is but the mere agent or instrument of the parties to the agreement, deriving his authority solely from that source; and it is extremely doubtful, under the language of that document, whether, when he once acts, his power be not exhausted. If this be so, he could only act a second time, either in the appointment of a trustee or requiring a further bond, by having his powers as a court called into exercise by bill in equity in the usual mode.

These complainants had no adequate remedy but in equity, and we think the bill shows sufficient ground for an injunction.

It is unnecessary to pass upon the other questions made, requiring a construction of certain provisions of the agreement, because, as yet, there is no trustee qualified to act at all.

There can be no doubt of the jurisdiction of equity to restrain the supposed trustee from acting without giving the

bond required, or to inquire into the acts of one duly qualified, whenever he may palpably exceed or abuse his authority, especially if he act with bad motives, to the injury of the party complaining. Whether this bill is sufficient in this aspect, we express no opinion.

The decree of the court below must be reversed, with directions to that court to overrule the demurrer, permit the defendants to answer, if they so desire; if not, then to make the injunction perpetual.

*Decree reversed.*